**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**EVELYN HOLMES**                                                        **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 3:06-CV-00546-HTW-LRA**

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.;
EXPRESS COURIER INTERNATIONAL, INC.;
and GALLAGHER BASSETT SERVICES, INC.**          **DEFENDANTS**

## MEMORANDUM ORDER AND OPINION

Before this court are three motions for summary judgment: plaintiff Evelyn Holmes' motion [docket no. 126] filed pursuant to Federal Rule of Civil Procedure 56(a) and (c); defendant Express Courier's motion [docket no. 134]; and National Union Fire Insurance Company of Pittsburgh, PA and Gallagher Bassett Services, Inc.'s motion [docket no. 142] both filed pursuant to Rule 56(b) and (c).[1] Holmes also filed a motion

---

[1]Rule 56 states in pertinent part:

(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:
   (1) 20 days have passed from commencement of the action; or
   (2) the opposing party serves a motion for summary judgment.

(b) By a Defending Party. A party against whom relief is sought may move at any

1

to exclude two defense experts [docket no. 151]. This court is persuaded to deny all motions.

## Background and Procedural History

On or about May 5, 2003, plaintiff Evelyn Holmes slipped and injured her right knee while delivering a specimen on the premises of Mississippi Baptist Medical Center in Jackson, Mississippi. Holmes was delivering the specimen for Express Courier International, Inc. ("Express").

Evelyn Holmes worked as a courier for Express. At the time she was hired, she signed an Independent Contractor Agreement. She also obtained an Occupational Accident Policy required by Express by those Express designated as independent contractors. Because Holmes was not classified as an employee, Express did not provide coverage to Holmes under Express' workers compensation insurance. Express says it expected Holmes to resort to the Occupational Accident Insurance Policy instead.

After her accident, Holmes reported the incident and began receiving medical and disability benefits under the Occupational Accident Policy. Said payments came from defendant National Union Fire Insurance Company of Pittsburgh, PA.

---

time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Supposedly, between the date of the incident and January 22, 2004, plaintiff was paid more than $50,000.00 in benefits under the policy. Later, the benefits were terminated due to quarrels by the insurance company, either National Union or Gallagher Bassett which, according to defendants, was acting on behalf of National Union.

On or about January 26, 2004, plaintiff filed a Petition to Controvert against Express with the Mississippi Workers Compensation Commission. The key issue litigated there was whether the plaintiff was an employee of Express or an independent contractor. The Administrative Law Judge held that plaintiff Holmes was an employee of Express and, therefore, was entitled to workers compensation benefits. That decision was affirmed by the Mississippi Workers' Compensation Commission on March 27, 2006. On April 25, 2006, an appeal was perfected to the Circuit Court of Hinds County, Mississippi. While the appeal was pending, Holmes settled her claim for $95,000.00.

Thereafter, on September 11, 2006, plaintiff Evelyn Holmes filed in the Circuit Court of Hinds County, Mississippi, a complaint against defendants National Union Fire Insurance Company of Pittsburgh, PA., Express Courier International, Inc., and Ben Vance, who had hired the plaintiff at Express. Holmes alleged that from the date of the injury, May 5, 2003, to the date of payment, July 31, 2006, Express and National Union willfully and wantonly, independently and in conspiracy with each other had denied Holmes benefits to which they knew Holmes had been entitled by law. Holmes asserted claims for bad faith and breach of fiduciary duty and requested monetary damages, including punitive damages.

On October 3, 2006, National Union removed this case to this federal court from

3

the state Circuit Court of Hinds County, Mississippi, claiming jurisdiction under Title 28 U.S.C. § 1332.[2] The remaining defendants joined said motion.

On March 28, 2007, Holmes filed in this court a First Amended Complaint, removing Vance as a defendant and adding Gallagher Bassett Services, Inc., as a defendant. Holmes again brought claims for bad faith and breach of fiduciary duty and requested monetary damages, including punitive damages. Holmes newly alleged that as the adjuster of her claim for workers' compensation benefits, Gallagher Bassett Services, Inc., had acted willfully and wantonly, independently and in conspiracy with the other defendants to deny her benefits they knew she was due under the Mississippi Workers' Compensation Act. In reply brief, Holmes has stated that she has abandoned her breach of fiduciary duty claim.

Holmes filed a Motion for Partial Summary Judgment [docket no. 126]. Express filed a cross Motion for Summary Judgment [docket no. 134]. National Union and Gallagher Bassett also filed a Motion for Summary Judgment [docket no. 142]. Lastly, Holmes filed a Motion to Exclude Defendants' Experts [docket no. 151].

**Analysis of Law**

**Jurisdiction and Substantive Law**

This court's subject matter jurisdiction over this dispute is founded upon diversity

---

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
> (1) Citizens of different States;

of citizenship, Title 28 U.S.C. § 1332.  No party disputes that the plaintiff is a resident of Mississippi, and all of the defendants are non-resident corporations.  Accordingly, this court finds that it has subject matter jurisdiction and, pursuant to § 1332, applies the substantive law of Mississippi to this dispute.  *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

**Motions for Summary Judgment**

**A.     Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides the standard for summary judgment. The rule, in pertinent part, reads:

> (c) . . . The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
>
> (d) Case Not Fully Adjudicated on the Motion.
>   (1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

The court will review the evidence in the light most favorable to the nonmovant. *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795 (5th Cir. 1990). To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). The movant need not produce evidence showing the absence of a genuine issue of material

5

fact with respect to an issue on which the nonmovant bears the burden of proof. *See Celotex Corporation*, 477 U.S. at 325. Rather, the movant need only show that the party who bears the burden of proof has adduced no evidence to support an element essential to its case. *Id.* Once the movant has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

    **B.**    **Plaintiff's Bad Faith Claim**

In order to succeed on a bad faith denial of workers' compensation claim, the plaintiff must prove that: (1) a contract of workers' compensation insurance existed between the defendant and the plaintiff's employer; (2) the carrier denied the plaintiff's compensable workers' compensation claim without a legitimate or arguable reason; and (3) the denial of benefits constitutes a willful and intentional or malicious wrong. *Rogers v. Hartford Accident & Indem. Co.*, 133 F.3d 309, 312 (5th Cir. 1998) (citing *Southern Farm Bureau Cas. Ins. v. Holland*, 469 So. 2d 55, 58-59 (Miss. 1984)). In order to prevail, a defendant needs to show only that it had an arguable reason for its actions. *Hood v. Sears Roebuck & Co.*, 532 F. Supp. 2d 795, 801 (S.D. Miss. 2005).

Punitive damages may be recovered from an insurer for bad faith if an insured proves by a preponderance of the evidence that "the insurer acted with malice, or gross negligence or reckless disregard for the rights of others." *Stratford Ins. Co. v. Cooley*, 985 F. Supp. at 671 (citing *Caldwell v. Alfa Insurance Co.*, 686 So. 2d 1092, 1095 (Miss. 1996) (quoting *Blue Cross & Blue Shield v. Maas*, 516 So. 2d 495, 496 (Miss.

1987)). Punitive damages are not available, however, if the insurer had a legitimate or arguable reason to deny payment of the claim. *Stratford Ins. Co. v. Cooley*, 985 F. Supp. at 671 (citing *Caldwell*, 686 So. 2d at 1095).

### **Holding**

All parties contend that they are entitled to a grant of summary judgment. Plaintiff contends that this court should grant summary judgment as to liability and proceed directly to damages. The defendants argue that summary judgment is appropriate in their favor and concomitantly that this court should dismiss this action with prejudice. To rule for any party on a motion for summary judgment, this court must operate off undisputed issues of material fact.

Here, this court finds disputed issues of material fact. Although plaintiff contends that the facts clearly show that defendants acted willfully, intentionally or maliciously, this court finds that to be a question of fact to be resolved by the jury. The defendants contend that they had an arguable reason for contesting Holmes' entitlement to workers' compensation benefits.

As earlier stated, this court finds here disputed issues of material fact. Various questions abound, for instance, the disputed relationship between National Union, Express and Gallagher Bassett Services; whether Holmes' collection of benefits under the Occupational Accident Policy has any bearing; whether she knowingly signed papers indicating she was an independent contractor and to what extent Express may have overpowered Holmes in this action by allegedly requiring the Occupational Accident Policy and Independent Contractor Agreement.

Persuaded that a trier of fact should resolve this lawsuit, this court hereby sets a

7

trial setting for June 21, 2010, at 9:00 o'clock a.m., and a pretrial conference for June 9, 2010, at 9:00 o'clock a.m. This court, thus, denies all motions, including plaintiff's motion to strike experts. Prior to their testimony, plaintiff may test their qualifications and re-urge the motion after this court has had the opportunity to hear the witnesses in person.

**SO ORDERED** this the 25th day of March, 2010.

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**


Civil Action No. 3:06-cv-546 HTW-LRA
Memorandum Opinion and Order